MATTER OF POULIN.

In Exclusion Proceedings

A-18151469

*Decided by Board May 2, 1969*

Notwithstanding an alien upon entry presented an immigrant visa supported by a certification from the Secretary of Labor, reported to the certified job and actually pursued it for a short period of time, he was not in possession of a valid Labor certification at entry where it was his intention throughout to pursue other employment for which he did not have a certification.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182]—Immigrant, no visa.

On October 22, 1968, the special inquiry officer directed that the applicant be excluded and deported from the United States on the above-stated ground. The applicant waived his right to appeal from that decision of the special inquiry officer. However, the District Director at Portland, Maine, certified the case to this Board for review and final decision.

The record relates to a 31-year-old married male alien, a native and citizen of Canada, who was admitted to the United States for permanent residence on July 29, 1968. He then presented an immigration visa which was supported by a certification from the Secretary of Labor. That labor certification showed that the applicant was destined to the Bates Manufacturing Co., Inc., Lewiston, Maine, for employment as a "weaver learner," at a salary of $1.65 an hour.

The applicant did work for the Bates Manufacturing Co. for one day, but then quit because he became ill. He then remained in Lewiston, Maine, for two days until he felt better. Thereafter, he returned to Canada where his wife, their child, and his parents, all natives and nationals of Canada, reside.

The applicant remained in Canada until September 10, 1968, when he applied for admission into this country as a returning resident, to take employment in the woods. At that time he pre-

264

sented no documents, but inquired as to whether his Alien Registration Receipt and Border Crossing Identification Card (Form I-151) was available to him. He was thereupon referred for a hearing before a special inquiry officer, with the above-described result.

The applicant testified that at the time of his original entry on July 29, 1968, he only intended to work for the Bates Manufacturing Co. until he could obtain his Alien Registration Receipt and Border Crossing Identification Card. He stated that a Canadian named Toulouse, of Lac Megnatic, P.Q., Canada, assisted him in applying for his visa, and told him that although he would obtain the labor certification for the Bates Manufacturing Co., he need not continue to work for that company after he entered the United States and obtained his I-151, and that thereafter he could go anywhere he wished. He admitted that at the time of his original entry he intended, after obtaining his I-151, to work on lumbering operations with his brother and his brother-in-law, both of whom are permanent residents of the United States.

The applicant set forth that he has been working on lumbering operations in the United States for the past 13 years. He indicated that he was previously admitted each year under bond to work in the woods, but that it has now become very difficult to obtain admission under bond for such work, and that one must obtain a visa to get regular employment in lumbering operations in the woods in Maine. It was because of these difficulties that he applied for an immigrant visa, after consulting with the Canadian named Toulouse. He conceded that at the time of his original entry into the United States he intended to work in the woods with his brothers, and that he had no wish to work for the Bates Manufacturing Co.

Summarizing briefly, the applicant obtained his visa and his original admission into the United States so that he could work in the woods with relatives. The labor certification he then presented, and on the basis of which his visa was issued, showed that he was destined to the Bates Manufacturing Co. for employment as a weaver learner. He had consulted with an individual in Canada who had advised him that he need only enter upon such employment and then could leave immediately upon receipt of his Alien Registration Receipt and Border Crossing Identification Card, with which he could then go to work anywhere he pleased. He then intended, as is the case now, to work in this country as a

265

commuter and reside in Canada with his wife and child while not actually employed in the woods in this country.

Section 212(a)(14) of the Immigration and Nationality Act provides that an alien shall be ineligible to receive a visa and for admission into the United States unless he is in possession of a certification issued by the Secretary of Labor. 29 CFR 60.5 states that the requisite labor certification is invalid if the representations upon which it is based are incorrect, and that it covers only the position described in the request therefor. Application of the foregoing facts of record in the light of these provisions of the law and the related regulations convinces us that the special inquiry officer's decision to exclude the applicant was correct.

The applicant did not have a certification covering the work he actually intended to do in the United States, to wit, lumbering operations in the woods. Therefore, he was not in possession of a valid labor certification at the time of his entry into the United States on July 29, 1968. He was, accordingly, not then eligible for the visa which he presented. Hence, he is not now a bona fide returning resident alien inasmuch as he has never procured a labor certification for the employment to which he is destined, nor has he ever procured any visa other than the one which he presented on July 29, 1968.

In conclusion, the purpose of section 212(a)(14) of the Immigration and Nationality Act is to protect the American workingman by keeping the labor market from being flooded, and wages and working conditions from being depressed. Here, there is no certification that there were not sufficient workers in the United States able, willing, qualified, and available to do the work the applicant intended to do at the time of his original and present application for admission, nor is there any certification that his employment in that industry would not adversely affect wages and working conditions of American workers similarly employed. As a matter of fact, the contrary is indicated by the applicant's testimony that he has worked in the woods under bond each year since he was 18 years of age, but that it is now difficult to be admitted under bond to do that work. All we can add, in this connection, is that the statute states that the provisions of the section here pertinent shall apply to special immigrants born in Canada other than the parents, spouses, and children of United States citizens or residents lawfully admitted for permanent residence; and that the applicant, a special immigrant born in Canada, is not the parent, spouse or child of a United States citizen or an alien lawfully admitted for permanent residence.

Under the foregoing circumstances, we concur in the special inquiry officer's conclusion that the applicant is excludable as an immigrant not in possession of a valid immigrant visa or other entry document valid in lieu thereof. Accordingly, the special inquiry officer's decision is approved.

**ORDER:** It is ordered that the special inquiry officer's decision of October 22, 1968, directing that the applicant be excluded and deported from the United States, be and the same is hereby affirmed.